## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

ELIZABETH WONG,                      :
    PLAINTIFF,              :  **05-CV-02588**-AET-JJH
           :
  -AGAINST-                          :
           :
REGENA THOMAS,                       :
MICAH RASMUSSEN,                     :
DIANE LEGREIDE,                      :
JAMIE FOX,                           :
AMY MANSUE,                          :
KELLIE  DRAKEFORD,                   :
MICHAEL ANGULO, In THEIR             :
   INDIVIDUAL AND OFFICIAL        :
   CAPACITIES,                    :
STATE OF NEW JERSEY,          :
NEW JERSEY HIGHER EDUCATION          :
   STUDENT ASSISTANCE             :
   AUTHORITY,                     :
ABC ENTITIES/ AGENCIES/              :
   CORPORATIONS (1-100), and      :
JOHN AND JANE DOES  (1-100),  :
   DEFENDANTS.                :
           :

RECEIVED

FEB 1 4 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

### JOINT FINAL PRETRIAL ORDER

   The following shall constitute the Final Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure, and this Final Pretrial Order shall govern the Conduct of the trial of this case.  Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice.

### APPEARANCES

For Plaintiff:
David B. Wolfe, Esq.
Kenneth M. Schultz, Esq.
Skoloff & Wolfe, P.C.
293 Eisenhower Parkway
Livingston, NJ 07039
Ph: 973-992-0900

For Defendants:
Noreen P. Kemether, Esq.
Deputy Attorney General
25 Market Street
PO Box 112
Trenton, NJ 08625
Ph: 609-777-3401
Noreen.Kemether@dol.lps.state.nj.us

1. **Nature of Action and Jurisdiction of the Court**

This action arises out of Ms. Wong's former employment as Executive Director of the New Jersey Higher Education Student Assistance Authority (HESAA), a position to which she was appointed in March 2002 by Governor McGreevey. Ms. Wong -- an Asian-American -- alleges that she was subjected to discrimination on account of her ethnicity and national origin. Specifically, Ms. Wong alleges that she was required to obtain special permission to hire Asian-Americans, instructed that HESAA should not conduct outreach to Chinese Americans, and told to limit her association with the Asian-American community after HESAA received an anonymous complaint that questioned what the Asian-American female [was] doing with our tax dollars? Ms. Wong has further alleged that she repeatedly was instructed by Defendant Thomas and others to engage in unlawful conduct. Specifically, Ms. Wong alleges that she was instructed to (i) misdirect HESAA funds to African-American organizations and events that were outside the scope of HESAA's mission and guidelines, (ii) only make HESAA funds available to black or African-American students, and (iii) hire only black or African-Americans and refrain from hiring Asian-Americans.

Ms. Wong alleges that she was forced to resign on June 30, 2004 on the basis that she had misused HESAA funds. The defendants allege that plaintiff's resignation was warranted and requested due to the misuse, or impropriety, of the HESAA funds.

The jurisdiction of this Court is predicated on 28 U.S.C. §1331 and 1367. The federal claims asserted arise under violations of 42 U.S.C. §1981, 1983, 1985, 1986, and 1988. Plaintiff further invokes the pendent, supplemental and ancillary jurisdiction of this Court to hear and decide claims arising under state law.

2. **Plaintiff's Factual Contentions**

2

Plaintiff intends to prove the following at trial:

1.  Ms. Wong was appointed to serve as Director of HESAA by Governor McGreevey because of, among other things, her management expertise and strong background in public relations.

2.  During her tenure as Executive Director of HESAA, Ms. Wong -- a Chinese -American -- was subjected to systematic, perpetual, and consistent discrimination on account of her race and national origin.

3.  Ms. Wong was required to obtain "special permission" to hire Asian-Americans.

4.  Ms. Wong was strongly discouraged by Defendant Mansue from offering an IT position to Albert Eng. Defendant Mansue asked Ms. Wong whether she was "ready for the consequences" that would result from hiring Mr. Eng. Defendant Mansue ultimately conceded that she would "let this one go."

5.  Ms Wong was instructed that HESAA should not conduct outreach to Chinese Americans.

6.  Ms. Wong was told to limit her association with the Asian-American community after a racially inflammatory anonymous letter was received that questioned what the "Asian-American female [was] doing with our tax dollars?"

7.  The discrimination faced by Asian-Americans at HESAA has been corroborated by Simon Lee, a current HESAA employee.

8.  Ms. Wong was retaliated against for refusing to engage in unlawful discrimination.

9.  Ms. Wong repeatedly was instructed by Defendant Thomas and others to engage in unlawful conduct that would have constituted, *inter alia*, clear violations of federal law.

10. Ms. Wong was instructed to misdirect HESAA funds to African-American organizations and events that were patently outside the scope of HESAA's mission and guidelines. For example, Ms. Thomas demanded that Ms. Wong sponsor the Walk to Commemorate the Underground Railroad -- one of the programs sponsored by the Department of State.

11. Ms. Wong repeatedly refused to unlawfully allocate HESAA funds stating that she was prohibited by statute from allocating HESAA funds for programs or events unrelated to HESAA and its mission.

12. Ms. Wong was instructed to make HESAA funds available exclusively to black or African-American students. In a meeting with Ms. Wong and Eugene Hutchins, HESAA's CFO, Defendant Thomas demanded that she "only" wanted to see "her own kind" at graduations.

13. Ms. Wong refused to comply with the patently unlawful demand that HESAA funds should be restricted to blacks and African-Americans. To do so would be a clear violation of both federal and state laws.

14. Ms. Wong was instructed to hire only black or African-Americans.

15. Ms. Wong was instructed to refrain from hiring Asian-Americans to appease Defendant Thomas.

16. Despite HESAA's statute granting autonomy to the Director of HESAA to (among other things) hire staff, set travel policy and incur expenses permitted by the governing statute, Ms. Wong's autonomy was repeatedly undermined by Defendants.

17. Ms. Wong was expected to offer employment to any individual recommended by Defendant Thomas regardless of their qualifications.

18. Defendants Drakeford and Mansue have verified Defendant Thomas' practice of recommending candidates for hire to HESAA.

19. When Ms. Wong attempted to assert her statutory authority over the hiring process at HESAA, Defendant Thomas retaliated by expressing to Defendant Mansue, and others, that Ms. Wong "did not want to hire blacks."

20. Defendant Thomas lodged similar unfounded complaints with James Davy about Ms. Wong's purported failure to do enough for the African-American community.

21. In fact, Defendant Thomas informed Mr. Davy of "her intent to fire Elizabeth Wong for her -- in what her opinion was Ms. Wong's discrimination of African-Americans."

22. Nevertheless, Defendant Thomas has denied ever having a conflict with Ms. Wong or even forming an impression of Ms. Wong. These denials have been directly contradicted by other Defendants and third party witnesses.

23. Ms. Wong not only refused to comply with the host of unlawful demands made upon her, but she sought assistance and guidance from a number of top officials in State government.

24. Ms. Wong refused to comply with Defendant's demands even though she knew that she faced severe repercussions for not doing so.

4

25. Despite her numerous complaints, no action was taken to investigate Defendant Thomas, nor were any actions taken to protect Ms. Wong.

26. Among the people from whom she sought assistance was Defendant Angulo, who served as the Assistant Counsel to the Governor before replacing Ms. Wong as HESAA's Executive Director.

27. Ms. Wong also voiced her objection to Defendant Mansue, who served as Deputy Chief to the Governor.

28. Defendants admit they did not take any steps to address Ms. Wong's complaints.

29. Ms. Wong, who had steadfastly refused to misuse and misspend HESAA funds, was forced to resign for allegedly misusing those same funds.

30. Every expense incurred by Ms. Wong was approved by HESAA's Chief Financial Officer, Eugene Hutchins. Mr. Hutchins has more than twenty-three years of experience in accounting.

31. The allegations concerning Ms. Wong's misspending were lodged by a disgruntled secretary and we been disproved prior to Ms. Wong's forced resignation

32. Federal and state audits were performed in 2002, 2003 and 2004 - all of which found no evidence of misappropriation of HESAA funds.

33. In January 2004 -- five months prior to Ms. Wong's forced resignation -- the State Auditor concluded his audit of HESAA's expenses. The report concluded: "[a]fter obtaining a preliminary understanding of the internal control of the authority and the nature of its financial transactions, we have determined that the allocation of additional resources to perform the current engagement is not warranted. We are, therefore, discontinuing, the current audit and a written report will not be warranted."

34. In February 2005 -- after Ms. Wong's wrongful termination -- the State Auditor released yet another audit (the "2005 Audit") confirming that Ms. Wong had done nothing wrong. The February 2005, which analyzed HESAA's expenditures from July 1, 2002 through September 30, 2004, found Ms. Wong's expenses "were related to the authority's programs, were reasonable, and were recorded properly in the accounting systems."

35. The Special Prosecutions Bureau of the Attorney General's Office likewise concluded that Ms. Wong did nothing wrong, concluding that their "investigation did not find any evidence that Elizabeth Wong misappropriated HESAA funds." The Special Prosecutions Bureau recognized that the source of the unfounded allegations

5

against Ms. Wong was solely "Antoinette D'Angelo, Elizabeth Wong's disgruntled secretary at HESAA."

36.    The final report of the Special Prosecutions Bureau, dated December 1, 2004, stated "the investigation has not uncovered any acts of official misconduct or misappropriation of funds. Additionally, the State Auditors completed a financial report of all HESAA accounts and found no evidence of criminal activity as well."

37.    Nevertheless, the Defendants utilized these demonstrably false and previously debunked allegations as the pretext for her termination.

38.    Shortly before Ms. Wong was told to resign, Defendant Legreide accused Ms. Wong of committing crimes for purportedly misspending HESAA funds.

39.    Ms. Wong was forced to resign as Director of HESAA on June 30, 2004. Specifically, Ms. Wong was told to resign by Mark Matzen.

40.    Under Ms. Wong's leadership, HESAA's revenue expanded significantly, while expenses decreased compared to her predecessor, Scott Freedman.

41.    After being forced to resign under the pretext of misappropriating HESAA funds, Defendant Micah Rasmussen, after vetting his statements by Defendants Fox and Legreide, made multiple false and defamatory statements to the press about Ms. Wong, which statements impugned Ms. Wong's reputation and destroyed her credibility.

42.    Defendant Rasmussen's statements -- which imply that Ms. Wong could not be trusted and that there were no financial controls in place at HESAA -- failed to acknowledge that state and federal audits had previously cleared Ms. Wong of wrongdoing with respect spending at HESAA and found no spending improprieties at HESAA. The statements were also false regarding the timing of the allegations against, and investigations of, Ms. Wong.

43.    Defendant Rasmussen was aware of the existence of the audits at the time of his statements, yet he elected to turn a blind eye to them in clear and reckless disregard for the truth of his statement.

44.    The statements made by Defendant Rasmussen had a disastrous impact on Ms. Wong's ability to find comparable employment and caused her to be marginalized in the Chinese community.

45.    The intolerable conditions of Ms. Wong's employment caused her to suffer extreme and substantial emotional distress. This distress was caused by, *inter alia*, the unlawful and discriminatory instructions she received. Ms. Wong also suffered

6

extreme and substantial emotional distress due to the statements made by Defendants Legreide and Rasmussen.

46.   As a result of her substantial and extreme emotional distress, Ms. Wong developed a severe case of eczema.

47.   The severity of Ms. Wong's emotional distress -- i.e. the depths of her depression -- had a dramatic impact on her every-day activities and her daily ability to function. She was emotionally distraught to the point that she frequently experienced long bouts of non-stop crying.  She also suffered daily anxiety that she would be wrongfully accused of a crime.

48.   Defendants have engaged in the spoliation of evidence, including, *inter alia*, purging Regena Thomas' emails.

## 3.   **Defendants' Factual Contentions**

Plaintiff is the former Executive Director of the Department of Higher Education Assistance Authority (HESAA), having been appointed to the position by then Governor McGreevey.  Plaintiff was asked to resign from her position in a cloud of doubt surrounding the propriety of her spending on behalf of HESAA.  After her fellow employees blew the whistle on plaintiff's lavish spending, she herself admitted to charging the State for questionable items such as meals with Chinese dignitaries, Chinese business cards, a trip to China, a trip with a co-worker to a Broadway play, glamour shots, and home office furniture and accessories.

Defendants assert Plaintiff's claims are without merit.  Plaintiff was asked to resign by the Governor's office because she misused public funds and abused the public trust.  The decision to ask for Ms. Wong's resignation was made by both Diane LeGreide and James Fox.  Moreover, plaintiff's position was filled by another Asian-American.  Defendants assert Plaintiff has not met the burden of proof on any of her claims, and the Defendants believe they will be successful on a motion for summary judgment on all of Plaintiff's claims.

## 4.   **Stipulated Facts**

1.   Plaintiff, Elizabeth Wong, was appointed in March, 2002, by Governor James McGreevey, to the position of Executive Director of the Higher Education Student Assistance Authority (HESAA).

2.   Plaintiff is an Asian-American of Chinese descent.

7

3.  HESAA is the State Guaranty agency that, among other things, serves to make higher education accessible and affordable to residents of New Jersey.

4.  Defendant Regena Thomas is the former Secretary of State for the State of New Jersey and was appointed to that position in January 2002 by then Governor James McGreevey.

5.  Defendant Micah Rasmussen was the Press Secretary to Governor McGreevey.

6.  Defendant Diane LeGreide served as the former Chief of Management and Operations to Governor McGreevey, beginning in March 2004.

7.  Defendant James P. Fox served as Chief of Staff for Governor McGreevey beginning in November 2002. From January 2002 to November 2002, he served as the Commissioner for the Department of Transportation.

8.  Defendant Amy Mansue served as a Deputy Chief of Staff to former Governor McGreevey from January 2002 until September 2003.

9.  Defendant Michael Angulo, an Asian-American of Filipino descent, replaced Ms. Wong as the Executive Director of HESAA.

10. Defendant Kellie Drakeford was appointed to the position of Deputy Chief of Staff for Management and Operations for Governor McGreevey in January 2002, and remained in that position until June, 2003.

11. The mission of HESAA is to, among other things, provide students and families with the financial and informational resources to pursue their education beyond high school.

12. HESAA was established and is governed by N.J.S.A. 18A71A-1, et seq.

13. On July 2, 2004, Governor McGreevey issued a press release stating the following:

    It is with regret that I have accepted the resignation of Elizabeth Wong. She has been a critical partner as we have worked to ensure every New Jersey student who wants a college education can receive one. For over two years her guidance has been important as we struggled with difficult fiscal times, but now are able to invest in launching new programs like NJ STARS and the Part-time TAG program. The State of New Jersey thanks her for her years of dedicated service, and we wish her well in all her future endeavors.

14. Defendant Rasmussen issued the following statement to the press concerning Elizabeth Wong:

8

As soon as questions were raised, we immediately asked for her resignation, referred the matter to the Executive Commission on Ethical Standards and appointed an individual who we trust to put financial controls in place and ensure the public's confidence.

## 5. Plaintiff's Statement of Damages Claimed

Plaintiff seeks a minimum of $5 million against the Defendants. This figure is based on her, *inter alia*, lost wages earning approximately $115,000.00 per year, emotional damages caused by Defendants' conduct, and punitive damages. Additionally, Plaintiff is also seeking attorneys' fees and costs pursuant to, *inter alia*, (i) 42 U.S.C.§1988 in the event she prevails on any claim brought under 42 U.S.C.§ 1981, 1983, 1985, or 1986; (ii) the Conscientious Employee Protection Act ("CEPA"), and (iii) New Jersey Law Against Discrimination ("NJLAD").

## 6. Statement of Legal Issues Presented

Assuming such claims survive summary judgment, the legal issues at trial will be:

A.  Whether Defendants' actions violated 42 U.S.C.§1981 by, *inter alia*, pressuring Ms. Wong (i) not to hire Asian-Americans, (ii) not to associate Asian-Americans; (iii) to only support African-American students; and (iv) to allocate HESAA funding to support only African Americans. Defendants' actions created a hostile work environment and led to her forced resignation as Director of HESAA.

B.  Whether Defendants' actions, as cited above, violated 42 U.S.C.§1983 by infringing upon Ms. Wong's First Amendment rights of freedom of speech and freedom of association.

C.  Whether Defendants' actions violated 42 U.S.C.§1985 by conspiring to terminate Ms. Wong under the false pretext that Ms. Wong had misappropriated HESAA funds.

D.  Whether Defendants' actions violated 42 U.S.C.§1986 by failing to prevent or aid in preventing the wrongful discharge of Ms. Wong.

E.  Whether Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to, *inter alia*, (i) 42 U.S.C. 1988 in the event she prevails on any of her claims alleging violations of 42 U.S.C.§1981, 1983, 1985, and 1986; (ii) CEPA; and (iii) NJLAD.

F.  Whether Defendants' actions violated CEPA by, *inter alia*, forcing Ms. Wong to resign because of her refusal to comply with certain Defendants' unlawful demands.

G.  Whether Defendants' actions violated NJLAD of her race and/or national origin while serving as the Director of HESAA.

9

H.     Whether Ms. Wong was wrongfully discharged against public policy (contract and tort claims).

I.     Whether Plaintiff has a *prima facie* claim for Civil Conspiracy.   As set forth above, whether certain Defendants conspired to (i) discriminate against Ms. Wong on the basis of her race and/or national original and (ii) force Ms. Wong to resign under the pretext of misappropriating funds.

J.     Whether Plaintiff has a *prima facie* claim of Defamation based on Defendant Micah Rasmussen's remarks, which were published in various newspapers.

K.     Whether based on Defendant Rasmussen's statements, Ms. Wong also was placed in a false light.

L.     Whether Plaintiff has a *prima facie* claim of Defamation based on Defendant Legreide's false statements to Rita Strmensky of the Executive Commission on Ethical Standards, alleging that Ms. Wong had engaged in criminal activity for misappropriating funds, even though, *inter alia*, a federal and state audit had cleared Ms. Wong of any purported wrongdoing.

M.     Whether based on Defendant Legreide's statements, Ms. Wong was placed in a false light.

N.     Whether Plaintiff has a *prima facie* claim for Intentional Infliction of Emotion Distress based on Defendants' actions, described above

O.     Whether Plaintiff has established a *prima facie* claim for Negligent Infliction of Emotion Distress based on Defendants' actions.

P.     Whether Defendants' action violated Plaintiff's rights protected under Article I of the New Jersey State Constitution.

Q.     Whether Plaintiff is entitled to, *inter alia*, an adverse inference and/or sanctions against Defendants for the spoliation of evidence.

## 7.     <u>Legal Issues, Claims or Defenses to be Abandoned</u>

Plaintiff is not abandoning any of her claims set forth in her pleadings.  Likewise, no defenses will be abandoned by Defendants, pending a determination on Defendants' Motion for Summary Judgment.

## 8.     <u>Exhibits</u>

### <u>Plaintiff's Exhibits</u>

Except for exhibits, the need for which could not have been reasonably foreseen or which are used solely for impeachment purposes, attached hereto in chart form is Plaintiff's exhibit list.

### Defendants' Exhibits

Defendants' Exhibits are listed below in chart form, and include all exhibits to be used in their case in chief, except those whose need could not have been reasonably foreseen and those which will be used solely for impeachment or cross examination purposes.

| No. | Description of Defendants= Exhibits | ID. | Authen. Stip | Admis Stip | EV |
|-----|-------------------------------------|-----|--------------|------------|-----|
| D1 | Contents of Rita Strmensky's Ethics Investigation file | 00009804-9823 | | | |
| D2 | State Audit Report | EW 0001625-1636 | | | |
| D3 | Plaintiff's Expense Reports | 00009082-9408 | | | |
| D4 | Deposition of Plaintiff | | | | |
| D5 | Plaintiff's Deposition Exhibits | Wong 1-44 | | | |
| D6 | Deposition of Diane LeGreide | | | | |
| D7 | Diane LeGreide's Deposition Exhibits | LeGreide 1-17 | | | |
| D8 | Deposition of Amy Mansue | | | ` | |
| D9 | Amy Mansue's Deposition Exhibits | Mansue 1-7 | | | |
| D10 | Deposition of Michael Angulo | | | | |
| D11 | Michael Angulo's Deposition Exhibits | Angulo 1-6 | | | |
| D12 | Deposition of Micah Rasmussen | | | | |
| D13 | Micah Rasmussen's Deposition Exhibits | Rasmussen 1-9 | | | |
| D14 | Deposition of James P. Fox | | | | |

11

| | | |
|---|---|---|
| D15 | James P. Fox's Deposition Exhibits | Fox 1-9 |
| D16 | Deposition of Kellie Drakeford | |
| D17 | Kellie Drakeford's Deposition Exhibits | Drakeford 1-2 |
| D18 | Deposition of Regena Thomas | |
| D19 | Regena Thomas' Deposition Exhibits | Thomas 1-8 |
| D20 | Deposition of Francine Andrea | |
| D21 | Francine Andrea's Deposition Exhibits | Andrea 1-4 |
| D22 | Deposition of Eugene Hutchins | |
| D23 | Eugene Hutchins' Deposition Exhibits | Hutchins 1-18 |
| D24 | Deposition of Mark Matzen | |
| D25 | Deposition of Kathy Kisko | |
| D26 | Kathleen Kisko Deposition Exhibits | Kisko 1-2 |
| D27 | Deposition of Richard Allen | |
| D28 | Richard Allen Deposition Exhibits | Allen 1-3 |
| D29 | Deposition of James Davy | |
| D30 | Deposition Upon Written Questions of James Davy | |
| D31 | Regena Thomas' Opened Emails | Opened Emails 1-21 |
| D32 | List of All Emails Contained in Regena Thomas' Email Folders | Email List 1-5 |
| D33 | Regena Thomas' Unopened emails | |
| D34 | Regena Thomas' Correspondence File 0001-2055 <br> * D34 is struck (overbroad) 2/6/08 (Hon. John J. Hughes) | Thomas Correspond ence |

| | | |
|---|---|---|
| D35 | Thomas Correspondence | 0018-0021 |
| D36 | Thomas Correspondence | 0040-0041 |
| D37 | Thomas Correspondence | 0242-0248 |
| D38 | Thomas Correspondence | 0249-0260 |
| D39 | Thomas Correspondence | 0358 |
| D40 | Thomas Correspondence | 0501-0503 |
| D41 | Thomas Correspondence | 0526-0529 |
| D42 | Thomas Correspondence | 0648 |
| D43 | Thomas Correspondence | 0709-0710 |
| D44 | Thomas Correspondence | 0711-0713 |
| D45 | Thomas Correspondence | 0769 |
| D46 | Thomas Correspondence | 1809-1810 |
| D47 | Redacted Division of Criminal Justice files | DCJ 001-096 |
| D48 | Unredacted Division of Criminal Justice files | Unredacted DCJ 1-25 |
| D49 | Plaintiff's Income tax returns | Tax 1- 119 |
| D50 | Plaintiff's Employment Records - Chubb & Son | Chubb 1-57 |
| D51 | Plaintiff's Employment Records - Warner Lambert | Warner 1-57 |
| D52 | Plaintiff's Employment Records - Merrill Lynch | Merrill 1-62 |
| D53 | Plaintiff's Medical Records - American Institute for Counseling | AIC 1-9 |
| D54 | Plaintiff's Medical Records - Allergy Central Warren | Allergy 1-12 |
| D55 | Plaintiff's Medical Records - Dr. Richard Eisenberg | Eisenberg 1-6 |

13

| | | |
|---|---|---|
| D56 | Plaintiff's Answers to Interrogatories | |
| D57 | Plaintiff's Response to Request(s) to Produce | |
| D58 | Defendants' Answers to Interrogatories | |
| D59 | Defendants' Response to Request(s) to Produce | |
| D60 | Documents produced by Joseph Schmidt | JS 00001-00081 |
| D61 | Documents produced by Antoinette D'Angelo | AD 00001-00133 |
| D62 | Plaintiff's Documents Produced in Discovery * D62 is struck (overbroad) 2/6/08 (Hon. John J. Hughes) | EW 0004-8730 |
| D63 | Supplemental Documents Produced by Plaintiff | EW Supp 00001-00321 |
| D64 | The Dermatology Center Dr. Ilowite | Ilowite 1-8 |
| D65 | Plaintiff's Personnel File | D15761-16858 |
| D66 | Employment and Hiring Logs During Plaintiff's Tenure | D15761-16858 |
| D67 | HESAA Retention Policies | D15761-16858 |
| D68 | Dept. of State Circular Letter 03-10-ST – Managing Electronic Mail | D12183-12194 |
| D69 | Plaintiff's Emails | D12312-15760 |
| D70 | HESAA Audits (Prior 5 years) | 12218-12288 |
| D71 | Plaintiff's Lotus Notes Calendar | 12289-12305 |
| D72 | List of Plaintiff's Hires/Fires 3/4/02 – 6/30/04 | Hire List 1-2 |

Defendants also reserve the right to use any exhibit identified by plaintiff.
Plaintiff reserves the right to use any exhibit identified by the Defendants.

Plaintiff objects to all catchall exhibit identifications (i.e., "Plaintiff's Documents Produced in Discovery EW 0004-8730" and "Deposition of Diane LeGreide" and "Diane LeGreide's Deposition Exhibits").

## 9.     Additional Discovery

Plaintiff contends that discovery is incomplete due to Defendants' spoliation of evidence in this matter. Per this Court's Order, Plaintiff may be entitled to depose Defendants' former counsel, Michele Daitz, Esq., in connection with her spoliation motion. Plaintiff will seek leave from the Court to take the deposition.

Defendants will marshal punitive damage discovery for all defendants, including tax returns, to be made available immediately upon a determination that Plaintiff is entitled to punitive damages.

On January 7, 2008, the Court ordered the defendant to produce a copy of the boxes labeled Roger Chugh Correspondence, C1-1313-43 and C1-1313-44. Based on the affidavits of Kathleen Kisko and Michael Kinney, the location of these boxes is currently unknown. According to Mr. Kinney, the boxes were last seen in the communication's office in the State Building. Defendants represent that if such boxes are found, they will produce them to Plaintiff's Counsel.

## 10.     Expert Witnesses

None

## 11.     Fact Witnesses

### A.     Plaintiff's Fact Witnesses and Anticipated Testimony

#### 1.     Elizabeth Wong - Plaintiff and Former Director of HESAA

Ms. Wong will testify about all events and allegations contained in her Second Amended Complaint. Ms. Wong will testify, *inter alia*,: (i) regarding her performance and responsibilities as Executive Director of HESAA; (ii) that she was the victim of discrimination on account of her race and/or national origin; (iii) that she was pressured not to hire Asian-Americans, (iv) that she was pressured to limit her association with Asian-Americans; (v) that she was pressured to allocate HESAA funds exclusively to Black and/or African-American students; (vi) that she was pressured to unlawfully allocate HESAA funds; (vii) regarding the conclusions of multiple audits and investigations, (viii) she refused to comply with the unlawful demands placed upon her, (ix) that she

objected to multiple parties, including certain Defendants, who failed to any steps to investigate her complaints; (x) regarding the events surrounding her forced resignation by the Defendants, (xi) that she was defamed by Defendants, and (xii) that she suffered severe emotional distress due to (a) her experiences as Director of HESAA and (b) the Defendants' defamatory statements.

      **2.**     **Eugene Hutchins-** Chief Financial Officer of HESAA (served in this role during Ms. Wong's tenure)

Mr. Hutchins will testify regarding, *inter alia*, (i) his experience in the accounting field, (ii) the workings of HESAA, (iii) his approval of Ms. Wong's expenses, (iv) federal and state audits of HESAA and Ms. Wong; (v) statements made by Defendant Thomas in a meeting with Hutchins, Thomas and Ms. Wong, (vi) the events surrounding Ms. Wong's forced resignation.

      **3.**     **James Davy -** Former Chief of Management and Operations (served in this role for the majority of time of Ms. Wong's tenure)

Mr. Davy will testify regarding, *inter alia*, (i) communications with Defendant Thomas relating to Ms. Wong, (ii) complaints lodged by Ms. Wong and (iii) Defendant Thomas' desire to fire Ms. Wong.

      **4.**     **Joan Pritchard**

Ms. Pritchard will testify, *inter alia*, regarding (i) Defendant Thomas wanted Ms. Wong to serve only the African-American Community; (ii) Ms. Wong believed that she could not hire Asian-Americans, (iii) communications she had with Ms. Wong regarding Defendant Thomas and HESAA.

      **5.**     **Defendant Thomas -** Former Secretary of State

Defendant Thomas will testify, *inter alia*, that all of Plaintiff's contentions are false. Defendant Thomas will also testify that she did not communicate with any of the Defendants or James Davy regarding Elizabeth Wong.

      **6.**     **Defendant Diane Legreide -** Former Chief of Management and Operations (succeeded James Davy and served in this role toward the end of Ms. Wong's tenure as Director of HESAA)

Defendant Legreide will testify regarding, *inter alia*, (i) about her communications relating to Ms. Wong, (ii) about all aspects regarding a meeting she had with Ms. Strmensky, Ms. Wong and others just prior to Ms. Wong's forced resignation from HESAA, (iii) about her communications with Defendant Thomas relating to Ms. Wong, (iv) about the steps she took (or lack thereof) to investigate Ms. Wong's rebuttals to the baseless claims that she had misappropriated HESAA funds,

(v) regarding the basis for Ms. Wong's forced resignation, (vi) regarding her communications with Ms. Wong.

    **7.**    **Defendant Amy Mansue** - Deputy Chief to the Governor during a portion of Ms. Wong's Tenure at HESAA

    Defendant Mansue will testify, *inter alia*, (i) regarding her numerous communications with Defendant Thomas about Ms. Wong (ii) regarding Defendant Thomas' practice of referring candidates directly to HESAA and (iii) regarding the content of all communications with Ms. Wong or about Ms. Wong including when she instructed Ms. Wong to cease her outreach efforts to the Asian-American community in order to appease Defendant Thomas.

    **8.**    **Defendant Jamie Fox** - Chief of Staff for Governor McGreevey During Ms. Wong's tenure at HESAA

    Defendant Fox will testify, *inter alia*, about (i) Ms. Wong forced resignation, (ii) conversations with Defendants about Ms. Wong (iii) the workings of the Governor's office; (iii) the purported basis for forcing Ms. Wong to resign, and (iv) OPRA requests.

    **9.**    **Defendant Micah Rasmussen** - Press Secretary for Governor McGreevey during Ms. Wong's Tenure at HESAA

    Defendant Rasmussen will testify *inter alia*, regarding (i) all conversations he had regarding Ms. Wong, including all conversations he had regarding the statements he made to the press about Elizabeth Wong; and (ii) the general workings of the Press Secretary's office.

    **10.**    **Defendant Angulo** - Former Assistant Counsel to the Governor and Current Director of HESAA

    Defendant Angulo will testify, *inter alia*, (i) about the relationship between the Department of State and HESAA; (ii) that Ms. Wong lodged several complaints to him about her work conditions and the Defendants; (iii) that except for asking two other Asian-Americans, who did not work for Secretary of State Thomas, about whether they faced discrimination, he took no steps to address Ms. Wong's concerns; (iv) that upon Ms. Wong's forced resignation, he replaced Ms. Wong; (v) that prior to Ms. Wong leaving, he worked on HESAA projects; (vi) about all aspects of the position as Director of HESAA; (vii) that Ms. Wong seemed distraught about no longer serving as Director of HESAA; (viii) about OPRA requests.

    **11.**    **Defendant Drakeford** - Former Deputy Chief of Staff for Management and Operations under Governor McGreevey's Administration

Defendant Drakeford will testify, *inter alia*, (i) that Ms. Wong lodged several complaints to her about her work conditions, including -- among other things -- being pressured to hire candidates and being a victim of discrimination; (ii) that the Secretary of State is responsible for overseeing HESAA; (iii) about various aspects of HESAA; (iv) that Defendant Thomas recommended candidates to HESAA; (v) conversations with Ms. Wong; (vi) that she spoke with Defendant Thomas about Ms. Wong; (vii) that Defendant Thomas had concerns about Elizabeth Wong; (viii) conversations with Defendants regarding Ms. Wong;   (xi) Defendant Thomas has shown a longstanding commitment to the African-American Community; (xii) Defendant Thomas lobbied to have the Office of Faith-Based Initiative located in the Department of State.

    **12.**    **Brian Berness** - Served As Assistant Director of Government and Legal Affairs

Mr. Berness will testify, *inter alia*, about Ms. Wong's compliance with HESAA statutes and regulations.

    **13.**    **Rita Strmensky** - Executive Director of the Executive Commission on Ethical Standards

Ms. Strmensky will testify, *inter alia*, about (i) all aspects of the investigation into Ms. Wong's purported misappropriation of funds by the Executive Commission on Ethical Standards and (ii) the meeting that took place immediately prior to Ms. Wong's forced resignation from HESAA.

    **14.**    **Robert Lieberman**- Investigator for the Executive Commission on Ethical Standards

Mr. Lieberman will testify, *inter alia*, about all aspects of the investigation into Ms. Wong's purported misappropriation of funds by the Executive Commission on Ethical Standards.

    **15.**    **Mark Matzen** - Deputy Chief of Staff during Ms. Wong's Tenure

Mr. Matzen will testify, *inter alia*, (i) that he had no role in Ms. Wong's forced resignation and (iii) regarding his communications with third parties about Ms. Wong.

    **16.**    **Pat Maske** - Worked in Human Resources during Ms. Wong's Tenure

Ms. Maske will testify, *inter alia*, about all aspects concerning Mr. Schmidt's and Ms. D'Angelo's complaints against Ms. Wong.   Ms. Maske also will testify about the minority reports she prepared for Ms. Wong.

    **17.**    **Donna Potocki** -Worked in Human Resources

Ms. Potocki will testify, *inter alia*, about all aspects concerning Mr. Schmidt's and Ms. D'Angelo's complaints against Ms. Wong.

**18.** **Susan Kase** - Deputy Attorney General (Division of Criminal Justice)

Ms. Kase will testify, *inter alia*, about all aspects concerning the criminal investigation of Ms. Wong, including the "Close-Out Memorandum."

**19.** **Francine Andrea** - Chief Operating Officer

Ms. Andrea will testify, *inter alia*, (i) about HESAA in general; (ii) that various complaints lodged by Ms. Wong; (iii) a meeting that she attended shortly before Ms. Wong was forced to resign; and (iv) the content of all communications with or about Ms. Wong.

**20.** **Simon Lee** - Current Employee in HESAA's Information Technology Department

Mr. Lee will testify, *inter alia*, about the constraints placed on hiring Asian Americans at HESAA and the discrimination against Asian Americans at HESAA.

**21.** **Richard Fair**- State Auditor

Mr. Fair will testify, *inter alia*, about any state audits of HESAA during Ms. Wong's tenure as Executive Director of HESAA.

**22.** **Scott Freedman** - Predecessor to Elizabeth Wong

Mr. Freedman will testify, *inter alia*, about his experience as Executive Director of HESAA and the expenses incurred during his tenure.

**23.** **Richard Allen** - IT Manager for the Department of State

Mr. Allen will testify, *inter alia*, about the document retention policies and the purging of files at the Department of State during the pendency of this litigation. Mr. Allen will also testify regarding all communications he has had relating to this litigation.

**24.** **Al Eng** - Former Chief Information Officer of HESAA

Mr. Eng will testify, *inter alia*, about HESAA.

**25.** **Carolyn Erhlich** - Former Member of HESAA's Board

Ms. Erhlich will testify, *inter alia*, that Ms. Wong lodged several complaints to her about the mistreatment she experienced and the pressures that were exerted on her to placate Defendants.

**26.** **Wilma Harris** - Former Chair and Co-Chair of HESAA

Ms. Harris will testify, *inter alia*, (i) about HESAA in general; (ii) that Ms. Wong lodged several complaints to her about the mistreatment she experienced and (iii) about the pressures that were exerted on her to placate Defendants.

**27.   Nancy Reffner** - Former Secretary to Plaintiff

Ms. Reffner will testify, *inter alia*, about and authenticate certain HESAA documents.

**28.   Brian Graybill** - State Investigator

Mr. Graybill will testify, *inter alia*, about all aspects of the closed criminal investigation into Ms. Wong.

**29.   Joseph Ettenger**- State Auditor

Mr. Ettenger will testify, *inter alia*, about his findings that Ms. Wong did not use HESAA funds for her own benefit and any other investigations into Ms. Wong's purported misspending of HESAA funds.

**30.   Anthony Glebocki** - State Auditor

Mr. Glebocki will testify, *inter alia*, about his audit of HESAA.

**31.   Gary Sandes** - DSG

Mr. Sandes will testify regarding, *inter alia*, the closed criminal investigation into Ms. Wong.

**32.   Sandy McClure** - Reporter

Ms. McClure will testify regarding, *inter alia*, any OPRA Requests served on HESAA and any articles written about Ms. Wong.

**33.   Kathleen Cannon**

Ms. Cannon will testify, *inter alia*, regarding any OPRA Requests served on HESAA and any articles written about Ms. Wong.

**34.   Louis Lester** - SDAG

Mr. Lester will testify, *inter alia*, regarding the closed criminal investigation into the baseless allegations concerning Ms. Wong's purported misspending.

**35.**     **Vaughn McKoy** - Director of the Division of Criminal Justice

Mr. McKoy will testify, *inter alia*, regarding the closed criminal investigation into the unfounded allegations concerning Ms. Wong's purported misspending.

**36.**     **John Hagerty**

Mr. Hagerty will testify regarding, *inter alia*, any publicity surrounding the unfounded allegations concerning Ms. Wong's purported misspending.

**37.**     **Alan Rockoff** - Director of Commission of Investigation

Mr. Rockoff will testify, *inter alia*, about the unfounded allegations of impropriety concerning Ms. Wong's purported misspending.

**38.**     **Ilene Saros** - Counsel for the Commission of Investigation

Ms. Saros will testify, *inter alia*, about the unfounded allegations of impropriety concerning Ms. Wong's purported misspending.

**39.**     **Antoinette D'Angelo**

Ms. D'Angelo will testify, *inter alia*, about her allegations of misspending by Ms. Wong and her relationship with Joseph Schmidt.

**40.**     **Joseph Schmidt**

Mr. Schmidt will testify, *inter alia*, about allegations of misspending by Ms. Wong and his relationship with Antoinette D'Angelo.

**41.**     **Robert Clark** - HESAA's Controller

Mr. Clark will testify about, *inter alia*, the reimbursement of rental charges regarding Ms. Wong's use of a vehicle.

**42.**     **Paul Fader**

Mr. Fader will testify about, *inter alia*, any communications with and about Ms. Wong and his role in the closed criminal investigation into the unfounded allegations concerning Ms. Wong's purported misspending.

**43.**     **Dr. Douglas Aschinsky**

Dr. Achinsky will testify, *inter alia*, about Ms. Wong's medical history.

21

44.    **Dr. Richard Eisenberg**

Mr. Eisenberg will testify, *inter alia*, about Ms. Wong's medical history.

45.    **Dr. Alan Wolff**

Dr. Wolff will testify, *inter alia*, about Ms. Wong's medical history.

46.    **Dr. Robert Howite**

Dr. Howite will testify, *inter alia*, about Ms. Wong's medical history.

47.    **Lucille Davy**

Ms. Davy will testify, *inter alia*, about any communications with or about Ms. Wong and Defendant Thomas.

48.    **Dunston McNichol, Star Ledger**

Mr. McNichol will testify, *inter alia*, about his article regarding Defendant Thomas' reprimand by the state ethics panel.

49.    **Hon. Leanna Brown**

Ms. Brown will testify, *inter alia*, about the publication entitled "Asian Americans in New Jersey State Government Workforce: Statement of Concern by the New Jersey Advisory Committee to the U.S. Commission on Civil Rights."

50.    **Edward Darden or current Staff Person for New Jersey Adisory Committee to U.S. Commission on Civil Rights.**

Mr. Dardin will testify, *inter alia*, about the publication entitled Asian Americans in New Jersey State Government Workforce: Statement of Concern by the New Jersey Advisory Committee to the U.S. Commission on Civil Rights.

51.    **Kellie Green**

Kellie Green served as Assistant to Defendant Thomas and will testify, *inter alia*, regarding the workings of the Secretary of State office and all interaction with HESAA, Elizabeth Wong and the Defendants.

52.    **Michele Daitz, Esq.**

Ms. Daitz will testify about matters related to the spoliation of evidence.

**53,    Christine Kenny, Esq.**

Ms. Kenny will testify about matters related to the spoliation of evidence.

**54.    Carla N. Dorsi, Esq.**

Ms. Dorsi will testify about matters related to the spoliation of evidence.

**55.    Governor James McGreevey**

Governor McGreevey will testify, *inter alia*, about: (i) his decision to hire Ms. Wong; (ii) his decision to appoint Ms. Wong to certain positions; (iii) Ms. Wong's tenure at HESAA; and (iv) the events surrounding Ms. Wong's forced resignation from HESAA.

**B.    Defendants' Fact Witnesses and Anticipated Testimony**

1.  **Richard Allen** is the Chief Information Officer for the Department of State, and if necessary, will be able to testify about the Department's email and document retention policies.

2.  **Francine Andrea** was at all relevant times the Chief Operating Officer for HESAA.

3.  **Michael Angulo,** Defendant, replaced Plaintiff as Executive Director of HESAA after her resignation.

4.  **Roger Chugh** - former Assistant Commissioner and Director of the Asian American Study Commission who will discuss his relationship and knowledge of plaintiff and his efforts and the McGreevey administration's efforts and focus on behalf of the Asian American community.

5.  **Antoinette D'Angelo** is former HESAA employee who blew the whistle on Plaintiff's misuse of public funds, which initiated numerous investigations of Plaintiff's spending.

6.  **Kellie Drakeford,** Defendant, was appointed to the position of Deputy Chief of Staff for Management and Operations for Governor McGreevey in January 2002, and remained in that position until June 2003.

7.  **Richard Fair** was the State Auditor who conducted an audit of HESAA's practices during the time of Plaintiff's tenure.

8.  **James P. Fox,** Defendant, served as Chief of Staff for Governor McGreevey beginning in November 2002, and, along with Diane LeGreide, made the decision to ask for Plaintiff's resignation. He will explain the basis for the decision to ask for Plaintiff's resignation.

9.  **Eugene Hutchins** has been, at all relevant times, the Chief Financial Officer of HESAA, serving under Plaintiff, and currently serving HESAA.

10. **Susan Kase** was a Deputy Attorney General in the Division of Criminal Justice who can testify to the contents of the criminal prosecution file of Plaintiff.

11. **Kathleen Kisko** has been, at all times, the Assistant Secretary of State.  She served in this capacity under Secretary of State Thomas and during Plaintiff's tenure.

12. **Mike Kinney** is the former Director of Communications and Media for the Office of the Secretary of State who will discuss his job function and duties and knowledge of plaintiff and the various defendants.

13. **Diane LeGreide**, Defendant, served as the former Chief of Operations to Governor McGreevey, beginning in March 2004, and along with James Fox, made the decision to ask for Plaintiff's resignation.  She will explain the basis for the decision to ask for Plaintiff's resignation.

14. **Louise Lester** is a supervising attorney in the Division of Criminal Justice who can testify to the contents of the criminal prosecution file of Plaintiff.

15. **Richard Li** is Plaintiff's husband whose testimony is relevant to Plaintiff's claims of emotional distress.  His testimony will also be used for impeachment purposes and to discredit Plaintiff's credibility.

16. **Amy Mansue**, Defendant, served as a Deputy Chief of Staff to former Governor McGreevey from January 2002 until September 2003.

17. **Mark Matzen**, former Defendant, served in the Governor's office at the time of Plaintiff's resignation.

18. **James A. McGreevey**, former Governor, appointed Plaintiff to the position of Executive Director of HESAA.

19. **Micah Rasmussen,** Defendant, was the Press Secretary to Governor McGreevey.

20. **Rita Strmensky** is the former Executive Director of the Executive Commission on Ethical Standards.

21. **Regena Thomas**, Defendant, is the former Secretary of State and served during Plaintiff's tenure.

22. **Ian Wong** is Plaintiff's son and can testify about Plaintiff's damages.

24

23. **Levinia Wong** is Plaintiff's daughter and can testify about Plaintiff's damages.

24. **John Zhao**, CPA is Plaintiff's accountant.

Defendants are required to make a proffer before calling Ian Wong or Levinia Wong.

**12.**   **Deposition Testimony to be Read**

See attached. Any counterdesignations will be supplied fifteen (15) days prior to the day set for trial.

**13.**   **Trial Briefs, Case Specific Requests to Charge, Voir Dire and Joint Verdict Sheet**

To be supplied fifteen (15) days prior to the date set for trial.

**14.**   **In Limine Motions**

Counsel shall arrange a conference call with Judge Hughes to set a schedule for any *in limine* motions after defendants' summary judgment motion has been decided.

**15.**   **Bifurcation**

Plaintiff requests that the issues of liability and damages be tried together. However, Defendants request that the issues of liability and damages be tried separately. U.S.M.J. Hughes recommends that liability and damages be tried together. Punitive damages will be bifurcated and heard by the same jury.

**16.**   **Estimated Length of Trial**

Four (4) weeks.

**17.**   **Copies of Exhibits**

Copies of exhibits will be exchanged by the parties by February 28, 2008. Book copies of the exhibits will be provided to the Judge at the start of trial.

**18.**   **Motion for Summary Judgment**

To be filed by February 22, 2008, returnable April 21, 2008.

**19.**   **Spoliation**

Plaintiff will try the issue of spoliation at trial.

25

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signatures to this short form Joint Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. The parties are reminded that they must amend the Pretrial Order identifying additional witnesses or exhibits. Further, it is acknowledged that amendments to the Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment was not allowed.

Attorneys for Plaintiff:                Attorneys for Defendants

/s/David B. Wolfe                       /s/ Noreen P. Kemether
David B. Wolfe                          Noreen P. Kemether

Entry of the foregoing Joint Final Pretrial Order is hereby APPROVED this

14th day of February , 2008.

s/John J. Hughes
United States Magistrate Judge

26

**Defendants Deposition Designations**

### 1. Deposition Testimony of Plaintiff, Elizabeth Wong

Part I - August 22, 2006

Page:Line
16:11-15
17:2-7
17:20 - 18:7
19:8-24
21:18-21
24:1-10
25:3-24
26:10 - 28:22
30:9 - 31:1
35:16 - 36:3
37:12-23
38:2-4
55:12 - 56:1
56:23 - 59:14
60:1-20
61:9-19
63:6-24
64:18 - 65:10
66:8 - 67:25
69:4 - 70:21
71:22 - 73:9
74:16 - 75:12
75:23-25
76:6-12
77:15 - 23
89:1-10
90:22 - 91:6
92:9-11
107:2-9
109:16-21
116:6-22
119:13-18
120:23 - 121:17

Part II - September 6, 2006

5:14 - 7:10
7:11-22
8:21 - 9:7
9:12-24
10:9 - 11:4
12:11 – 13:1
14:8 - 15:18
16:5 - 18:17
19:13 - 20:12
21:23 - 22:25
23:22 - 24:6
24:17 - 26:5
26:11 - 27:7
27:25 - 28:5
28:21-25
31:20-22
35:16-18
36:1-18
37:17 - 39:6
40:14-25
43:8-12
44:9-24
49:24 - 50:4
62:4-22
69:7-12
70:5-24
71:4-14
72:10 - 75:2
76:5-12
82:14-25
86:10-24
88:6 -89:8
90:6 - 91:11
92:20-22
94:14 - 95:8

## PLAINTIFF'S TRIAL EXHIBIT LIST

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| P-1 | February 7, 2005 letter from Defendant Angulo to Richard Fair, State Auditor | EW0001622-0001624 | | |
| P-2 | Payment voucher regarding Freedman expense | EW0001584, 1581, 1590, 1597 | | |
| P-3 | Payment voucher regarding Freedman expense | EW0001586 | | |
| P-4 | Payment voucher regarding Freedman expense | EW0001588 | | |
| P-5 | Comparison of Expenditures between Elizabeth Wong and her predecessor, Scott Freedman | EW0000009 | | |
| P-6 | Responsibilities For Serving as Executive Director of HESAA | EW0001497 | | |
| P-7 | 6/14/2004 memorandum from Brian Berness, Esq. to Eugene Hutchins regarding HESAA powers under N.J.S.A. 18A:71A-9 | EW0001409-0001410 | | |
| P-8 | 4/21/1999 letter from Freedman to McGinnis regarding personnel practices and procedures under the enactment of new legislation, P.L. 1999c46. | EW0001528-EW0001529 | | |
| P-9 | 4/24/2003 letter from Lieberman to Strmensky regarding E. Wong | 00009028-9034 | | |
| P-10 | HESAA's Travel Reimbursement Policy | EW0001711-1713 | | |
| P-11 | 7/31/2003 letter from Elizabeth Wong to Paul Fader addressing hiring issues | EW0001502-1505 | | |
| P-12 | 7/22/2003 memo from Lieberman to Strmensky regarding interview with Hutchins | 00009221-00009227 | | |
| P-13 | 2/4/04 memo from Lieberman to Strmensky regarding the Wong investigation | 00009822-9823 | | |
| P-14 | 1/20/2004 letter from state auditor to Ms. Wong regarding the discontinuation of an audit of HESAA | EW0001637 | | |

1

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
|---------|----------|----------------|---------------|--------------|

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
|---------|----------|----------------|---------------|--------------|

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| P-74 | Document reflecting communications between Ms. Wong and third parties | 12292-12305 | | |
| P-75 | 6/7/2004 letter from Maske to Soltys regarding D'Angelo's promotion | EW0001062 | | |
| P-76 | 2/6/2003 letter from Ms. Wong to Ms. D'Angelo confirming promotion | EW0001063 | | |
| P-77 | 4/23/02 Letter from Strmensky to Ms.  Wong regarding guidance on a few issues | EW0001606-1607 | | |
| P-78 | 1/13/2000 Audit of HESAA by Richard L. Fair | EW0001680-1683 | | |
| P-79 | Asian Americans in NJ State Government Workforce: *Statement of Concern* by the N.J. Advisory Committee to the U.S. Commission on Civil Rights | EW0001717-EW0001721 | | |
| P-80 | 6/14/2004 Memo from Berness to Hutchins outlining HESAA powers under N.J. law | EW001409-1410 | | |
| P-81 | 3/30/2004 Letter from Ms. Wong to Lieberman regarding statutory changes affecting HESAA | EW0001572-1574 | | |
| P-82 | 3/23/2004 e-mail from Harvey Kasselman to Wilma Harris forwarding negative email about Ms. Wong | EW0000977-978 | | |
| P-83 | 9/3/03 Agenda for HESAA's Senior Staff Meeting | 10900 | | |
| P-84 | 1/5/2004 Senior Staff Meeting minutes | 10919 | | |
| P-85 | 9/3/2003 Senior Staff Meeting minutes | 10924 | | |
| P-86 | 5/08/03 HESAA's Executive staff meeting minutes | 10937-10941-10240-10233 | | |
| P-87 | Letter from Wong to Congressman William Pascrell regarding outreach to all ethnic and socio-economic groups | EW0603377 | | |
| P-88 | 10/23/2002 Letter from Wong to Lu regarding Zhejiang University | EW0003378 | | |

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
|---------|----------|----------------|---------------|--------------|

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| P-101 | 2/11/2004 Memo from Donna Potocki to Ms. Wong regarding meeting with Al Eng, Joe Schmidt, and Donna Potocki | EW0004O39-4040 | | |
| P-102 | Document entitled *Meeting with Lucille Davy* 11/18/2002 | EW0004090 | | |
| P-103 | 6/10/2005 Star-Ledger Article, entitled: "Asked by Republicans, office rules Codey can fire Thomas" | EW0003531-3532 | | |
| P-104 | 6/8/2005 Star-Ledger Article, entitled: "Secretary of State gets reprimand over ethics" | EW0003533-34 | | |
| P-105 | 6/8/2005 Article, entitled: "Secretary of State draws a reprimand" | EW0003535-3536 | | |
| P-106 | 4/25/2005 Star-Ledger Article, entitled; "Thomas' role in Firm Stirs Probe" | EW0003539-3540 | | |
| P-107 | 4/22/2005 Press release, entitled: "Thomas Must Resign" By Republican Chairman Wilson | EW0003543 | | |
| P-108 | 4/22/2005 Star Ledger Article, entitled: "N.J. Cabinet member: Kerry made me no promise" | EW0003544-3545 | | |
| P-109 | 3/16/2005 Article, entitled: "Send her to sensitivity training" | EW0003552 | | |
| P-110 | Memo from Ms. Wong to Davy regarding Director of audits and quality assurance position | EW0003793 | | |
| P-111 | 5/15/02 Davy to Ms. Wong regarding hiring approvals for Judith Fenelus and Charles Levine | EW0003829 | | |
| P-112 | 3/18/2002 Memo from Ms. Wong to Defendant Thomas regarding hiring | EW0003854 | | |
| P-113 | 11/27/2002 Memo from Ms. Wong to Defendant Thomas regarding federally funded authority business travel | EW0003857 | | |
| P-114 | 10/3/2002 Memo from Ms. Wong to Defendant Thomas regarding federally funded authority business travel | EW0003865-3869 | | |

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
|---------|----------|----------------|---------------|--------------|

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
| --- | --- | --- | --- | --- |

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
| --- | --- | --- | --- | --- |

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| P-164 | 02/07/06 E-mail to E. Wong re: registration confirmation for roberthalffinance.com | EW0008165 | | |
| P-165 | 03/02/06 E-mail to E. Wong re: application confirmation for UMDNJ | EW0008166 | | |
| P-166 | 03/02/06 E-mail from E. Wong to R. Dickert re: resume | EW0008167-8168 | | |
| P-167 | 03/02/06 E-mail from Hot Jobs.com to E. Wong re: Marlabs, Inc. | EW0008169 | | |
| P-168 | 03/02/06 E-mail from E, Wong to B. Braubitz re: resume | EW0008170 | | |
| P-169 | 03/07/06 E-mail from E. Wong to L. Doherty re: Director of Government Affairs | EW0008173 | | |
| P-170 | 03/02/06 E-mail to E. Wong re: application confirmation from Michael Page website | EW0008174 | | |
| P-171 | 03/02/06 E-mail from E. Wong to R. Singer re: Senior Business Analyst position | EW0008175 | | |
| P-172 | 03/02/06 E-mail from IBM to E. Wong re: resume confirmation | EW0008178 | | |
| P-173 | 03/02/06 E-mail from Citigroup to E. Wong re: Senior Business Analyst position | EW0008179-8180 | | |
| P-174 | 03/02/06 E-mail from McGraw Hill to E. Wong re: Marketing Manager position | EW0008181-8183 | | |
| P-175 | 03/02/06 E-mail from HotJobs.com to E. Wong re: Community Relations Manager position | EW0008184 | | |
| P-176 | 03/02/06 E-mail from HotJobs.com to E. Wong re: Senior Executive Business Analyst position | EW0008185 | | |
| P-177 | 03/07/06 E-mail from eFinancialCareers.com to E. Wong re: Executive Recruiter- Business Development China | EW0008186-8189 | | |
| P-178 | 03/07/06 E-mail from J. Stent to E. Wong re: resume | EW0008190-8191 | | |

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| P-179 | 05/03/06 E-mail from D. Johnston to E. Wong re: resume | EW0008192 | | |
| P-180 | 05/04/06 E-mail from W. Siegelman to E. Wong re: resume | EW0008193 | | |
| P-181 | 05/17/06 E-mail from W. Siegelman to E. Wong re: resume confirmation | EW0008194 | | |
| P-182 | 04/07/05 E-mail from L. Dominick to E. Wong re: job opportunity-networking | EW0008195-8196 | | |
| P-183 | 02/23/05 E-mail from Greater Raritan to E. Wong re: interview confirmation | EW0008197-8198 | | |
| P-184 | 05/06/06 E-mail from AARP Jobs to E.Wong re: new careers at AARP | EW0008199 | | |
| P-185 | Ms. Wong's medical records | EW0008709-8730 | | |
| P-186 | 3/25/2004 Memo from Pat Maske to Ms. Wong reflecting minority hiring during her tenure | EW0001872 | | |
| P-187 | 10/14/03 Minority Report | EW0001873-1874 | | |
| P-188 | 10/28/02 Minority Report | EW0001875 | | |
| P-189 | Wong to Hendricks regarding disclosure of outside activities | EW Supp 000073-75 | | |
| P-190 | Wong financial disclosure documents | EW Supp 000076-000136 | | |
| P-191 | All State and Federal Audits of HESAA and/or Elizabeth Wong produced during the pendency of the litigation | | | |
| | All emails from Defendant Thomas' Account | | | |
| | All Retention Schedules produced during the pendency of this action | | | |
| | All Documents contained in the Criminal File | | | |
| | 9/19/2002 Memorandum from Regena L. Thomas to James E. McGreevey re disparity study investigating minority and women-owned business contracting practices | Thomas Correspondence 0358 | | |

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
| --- | --- | --- | --- | --- |

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| | 4/23/2002 Memorandum from E. Wong to Michael Kinney re HESAA promotional materials | Thomas Correspondence 1079-1080 | | |
| | 3/28/2002 Letter from Regena L. Thomas to Rita L. Strmensky | Thomas Correspondence 1095-1097 | | |
| | 2/17/2004 Letter from Regena L. Thomas to Jan Eliasson | Thomas Correspondence 1372 | | |
| | 8/24/2004 Letter from Alex DeCroce to Regena L. Thomas | Thomas Correspondence 1383 | | |
| | 8/23/2004 Memorandum from Regena L. Thomas to Jaime P. Fox re transfer of gubernatorial records | Thomas Correspondence 1384 | | |
| | 8/18/2004 Letter from Regena L. Thomas to Hon. Richard J. Codey | Thomas Correspondence 1389-1390 | | |
| | 8/18/2004 Letter from Regena L. Thomas to Hon. James E. McGreevey | Thomas Correspondence 1391-1392 | | |
| | 8/11/2004 Letter from Regena L. Thomas to Jim Willse | Thomas Correspondence 1393 | | |
| | 9/30/2004 Letter from Regena L. Thomas to Hon. Jaime P. Fox | Thomas Correspondence 1395 | | |
| | 8/19/2004 Memorandum from Regena L. Thomas to Diane Legreide re transition priorities | Thomas Correspondence 1397 | | |
| | 10/26/2004 Letter from Robin B. Johnson to Mark Stanton, Esq. | Thomas Correspondence 1400-1401 | | |
| | 3/24/2004 Memorandum from Regena L. Thomas to Jamie Fox re emergency interim executive succession act | Thomas Correspondence 1405 | | |
| | 10/01/2004 Memorandum from Regena L. Thomas to John McCormac re archives and records storage expansion | Thomas Correspondence 1407 | | |
| | 11/30/2004 Letter from Regena L. Thomas to Hon. Richard J. Codey | Thomas Correspondence 1409-1417 | | |

15

| EXHIBIT NO. | DOCUMENT DESCRIPTION | IDENTIFICATION | ADMISSIBILITY STIPULATED | AUTHENTICITY STIPULATED |
|---|---|---|---|---|
| | 11/23/2004 Letter from Regena L. Thomas to John F. Spencer | Thomas Correspondence 1419 | | |
| | 11/16/2004 Letter from Regena L. Thomas to John McCormac re reductions to the FY 06 Department of State target | Thomas Correspondence 1421 | | |
| | 3/16/2005 Letter from Regena L. Thomas to Sr. Marianne McCann | Thomas Correspondence 1561 | | |
| | 3/15/2005 Letter from Regena L. Thomas to Barbara Agara | Thomas Correspondence 1568 | | |
| | 3/15/2005 Letter from Regena L. Thomas to Leonard F. Costa | Thomas Correspondence 1569 | | |
| | 3/15/2005 Letter from Regena L. Thomas to Marquita Harris | Thomas Correspondence 1570 | | |
| | 3/11/2005 Letter from Regena L. Thomas to Brittany M. Christian | Thomas Correspondence 1571 | | |
| | 3/11/2005 Letter from Regena L. Thomas to Teresa Reader | Thomas Correspondence 1572 | | |
| | 3/11/2005 Letter from Regena L. Thomas to Anne Marie Walmsley | Thomas Correspondence 1573 | | |
| | 3/11/2005 Letter from Regena L. Thomas to Francine C. Hallman | Thomas Correspondence 1574 | | |
| | 3/11/2005 Letter from Regena L. Thomas to Patricia Tate | Thomas Correspondence 1575 | | |
| | 5/3/2005 Letter from Robin B. Johnson to Deborah Howlett | Thomas Correspondence 1692 | | |
| | 5/3/2005 Letter from Robin B. Johnson to Deborah Howlett | Thomas Correspondence 1693 | | |
| | 6/29/2005 Letter from Regena L. Thomas to Curtis Cheatham | Thomas Correspondence 1699 | | |

16

| EXHIBIT | DOCUMENT | IDENTIFICATION | ADMISSIBILITY | AUTHENTICITY |
|---------|----------|----------------|---------------|--------------|

## DEPOSITION LINES

### James Fox Deposition- November 7, 2006

10:12-15

36:9-13

38:17-39:1

41:16-18

45:13-46:1

46:15-21

52:13-53:7

56:11-22

57:5-8

63:11-64:10

65:23-66:8

68:23-69:17

72:11-17

73:17-22

74:8-18

75:4-12

78:23-79:1

80:9-13

80:14-16

80:24-81:24

83:22-84:20

1

85:7-86:12

88:19-89:12

90:4-20

91:22-24

92:11-93:10

95:7-96:1

108:23-110:3

110:12-111:2

119:9-120:3

120:22-25

121:8-10

122:18-123:13

124:6-130:23

134:6-21

**Micah Rasmussen Deposition- September 8, 2006**

24:3-8

25:2-26:6

34:13

35:7-36:2

37:4-13:3

40:14-41:21

42:8-20

43:22-44;7

45:21-24

46:3-7

47:18-48:11

50:21-25

51:19-52:3

54:10-20

57:8-12

58:1-59:17

62:23-63:3

63:14-25

64:1-5

64:9-65:6

66:6-10

68:11-69:13

69:17-70:15

71:25-73:6

73:12-21

75:9-18

75:22-76:7

76:18-77:12

80:19-23

82:11-24

83:9-21

84:18-85:1

86:14-87:13

87:21-88:3

88:4-7

93:4-6

98:8-24

99:3-11

101:19-103:11

109:5-16

116:19-117:3

119:5-9

124:11-127:12

130:5-17

**Diane Legreide Deposition- September 21, 2006**

25:22-26:1

30:6-19

34:10-15

36:24-37:4

37:13-16

47:7-11

53:3-12

62:7-63:5

65:17-23

67:12-68:23

69:8-23

71:5-15

73:19-74:2

79:1-19

83:19-24

92:17-93:10

97:15-98:12

100: 25-102:10

102:11-16

104:18-105:18

105:19-24

109:14-19

115:24-116:25

122:4-123:6

149:11-150:5

154:2-20

165:10-166:13

166:19-167:3

175:14-24

176:3-177:8

**Diane LeGreide Deposition- October 5, 2006**

7:9-21

9:3-15

10:12-12:4

19:21-25

20:5-10

21:15-22:3

30:4-32:6

34:1-10

37:11-21

**Regena Thomas Deposition- October 11, 2006**

105:16-106:14

106:17-24

108:14-18

116:22-117:24

120:1-25

**Regena Thomas Deposition- January 29, 2007**

5:4-20

5:24-6:12

7:17-8:21

9:2-10

9:17-25

10:11-11:3

11:4-8

11:9-11

11:12-20

11:21-12:14

15:13-24

16:3-5

27:23-28:2

28:7-10

44:8-18

49:17-50:1

50:5-8

50:9-18

73:2-14

88:6-15

88:25-29

89:3-18

89:18-90:5

93:1-10

94:9-22

99:19-23

99:24-100:9

104:1-9

106:3-10

116:24-117:21

128:5-18

141:1-18

145:8-18

148:2-149:12

150:24-151:2

155:5-8

170:10-18

172:20-173:6

173:7-10

180:1-14

180:21-181:1

**Michael Angulo Deposition- February 28, 2007**

44:10-12

44:13-15

46:1-8

55:11-19

56:7-12

69:5-14

80:10-14

89:25-92:11

92:22-93:5

93:13-24

94:12-17

97:11-21

99:24-100:9

100:25-101:4

108:3-109:8

125:5-19

134:7-9

136:9-18

144:23-146:2

**Kellie Drakeford Deposition- September 15, 2006**

25:11-26:5

65:1-66:3

72:11-73:3

74:21-75:10

78:9-19

83:24-84:12

92:4-21

101:17-102:1

107:7-12

107:25-108:7

114:21-23

116:18-118:13

121:1-18

122:17-123:13

127:9-128:2

**Kellie Drakeford Deposition- February 15, 2007**

16:4-7

18:21-19:2

21:23-23:1

49:25-50:6

57:12-15

64:5-22

72:6-13

72:22-73:8

81:4-82:1

**Amy Mansue Deposition- September 28, 2006**

36:14-16

40:14-18

41:8-20

43:6- 22

44:21-45:13

45:23-47:1

47:5-48:3

51:9-52:3

53:10-54:3

66:1-15

66:16-23

67:24-68:8

10

68:9-69:14

73:22-24

74:22-76:7

76:8-76:14

77:2-78:10

88:12-23

88:24-89:8

89:9-12

89:13-90:8

106:21-25

116:24-117:14

125:13-20

**Richard Allen Deposition – December 21, 2006**

5:21-6:17

12:11-14

12:20-13:7

14:9-15:14

15:15-16:8

17:10-19:7

23:7-23:20

56:22-58:16

59:10-17

71:3-17

11

72:5-25

74:15-75:10

76:6-77:6