NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELIZABETH WONG | : | |
| Plaintiff, | : | Civil No. 05-2588 (AET) |
| v. | : | **MEMORANDUM AND ORDER** |
| REGINA THOMAS, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on behalf of Plaintiff Elizabeth Wong's Motion for Sanctions for Spoliation [97]. The Court has decided this motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is denied.

BACKGROUND

Plaintiff Elizabeth Wong is the former Executive Director of Defendant New Jersey Higher Education Student Assistance Authority ("HESAA"). Defendant HESAA is the State of New Jersey's Guaranty Agency for Federal Student Loans. On May 16, 2005, Plaintiff filed a Complaint in this Court alleging discrimination based on race and national origin, wrongful termination, and that she was repeatedly pressured to engage in unlawful activity.

During the parties' Rule 26 conference with the Court, Plaintiff advised Defendants that "electronic discovery would be integral to her ability to corroborate and establish her claims."

(Pl.'s Br. 5.)  At Defendants' request, Plaintiff refrained from serving a discovery demand until Defendants could explore potential resolution of the matter.

On February 21, 2006, Plaintiff served Defendants a Document Request. (Pl.'s Br. 5.) The Document Request sought "any electronic data, or data base compilation, or written, printed, typed or recorded matter of any kind known to you or in your possession, custody, or control." (Pl.'s Br., Ex. 10, at 2-3.)   Essentially, Plaintiff sought all emails between Plaintiff and Defendants.

On March 7, 2006, during a telephone conference between the parties, Plaintiff reiterated her need for electronic discovery, and requested that Defendants immediately take steps, if they had not already done so, to prevent the destruction of all electronic data.  (Pl.'s Br. 5-6.)

On June 30, 2006, Plaintiff, upon request of the Court, produced a detailed Document Request to aid Defendants in their search for relevant e-mails.  (Pl.'s Br. 6.).  In the Request, Plaintiff indicated that she sought all e-mails, however stored, that involved subjects ranging from conversations between any Defendant and Plaintiff about personnel or hiring at HESAA, to Defendant Thomas's visit to Paul VI High School in March of 2005. (Pl.'s Br., Ex. 11, at 1, 3.)

On August 3, 2006, Defendants reported that they did not possess any of the electronic documents sought by Plaintiff.  (Pl.'s Br. 6-7.)  On August 29, 2006, Defendants reported that they were able to recover and provide Plaintiff with all e-mails retrievable from Plaintiff's HESAA account.  However, Defendants indicated that any other electronic communications requested by Plaintiff, including e-mails from the accounts of various Defendants and electronic documents from the Department of State, were no longer available because of  "purging."  (Pl.'s Br., Ex. 13, at 1-2.)

The Department of State's Chief Information Officer, Richard Allen, outlined the

procedures that led to the "purging" of the electronic communications that Plaintiff sought. Those procedures include the closing of individuals' e-mail accounts, deletion of files from their office computers after they leave employment, and routine deletion of files from the State's servers that store e-mails. (Pl.'s Br. 9-10.) Mr. Allen testified that these procedures are routine practice of the Department of State. (Pl.'s Br. 10; Defs.' Br. 9-11.)

However, despite the "purging" of electronic data, Mr. Allen was later able to reopen Defendant Thomas's e-mail account, and retrieve e-mails dated as far back as October, 2005. Further, Defendants employed outside vendors to recover additional e-mails from earlier periods. (Defs.' Br. 16.) The outside vendors were able to recover over 22,500 e-mails that amounted to roughly 80,000 pages of documents. (Defs.' Br. 17-18.) Over a span of several days, a group of Deputy Attorneys General and Attorney Assistants reviewed eighteen boxes containing the information, but found no documents relevant to the present litigation. (Defs.' Br. 18-19.)

On June 30, 2008, Plaintiff filed a motion requesting sanctions against Defendants for alleged spoliation of any evidence in the form of electronic documents.

## APPLICABLE LAW

A.  Spoliation of Evidence

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Mosaid Techs. Inc. v. Samsung Electronics Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Further, a party may seek spoliation sanctions in the form of a spoliation inference. Once a court has found spoliation, it may permit a jury "to infer that destroyed evidence might or would have been unfavorable to the position of the offending party." Id. at 336. The inference "is predicated upon the common sense observation that when a party destroys evidence that is relevant to a

claim or defense in a case, the party did so out of the well-founded fear that the contents would harm him." Id. Therefore, the spoliation inference seeks to restore the prejudiced party to the position it would have been in, without spoliation. Id. at 335.

A party seeking sanctions for spoliation must satisfy four requirements:

> First, it is essential that the evidence in question be within the party's control. Second, it must appear that there has been actual suppression or withholding of the evidence. Third, the evidence destroyed or withheld must have been relevant to claims or defenses. And fourth, it must have been reasonably foreseeable that the evidence would later be discoverable.

Id. at 336.

B.   Relevancy of the Evidence

The relevancy of the evidence must be "determined and limited by the context of the facts and circumstances of each particular case." Williams v. American Cyanamid, No. 94-920, 1996 U.S. Dist. LEXIS 2975, at *3 (D.N.J. Feb. 15, 1996). "Questions of relevancy are committed to the discretion of the trial court." In re Jacoby Airplane Crash Litig., No. 99-6073, 2007 WL 2746833, at *3 (D.N.J. Sept. 19, 2007). Further, relevant evidence is any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Additionally, courts have stated:

> Relevant matter encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case. While the scope of discovery under [Fed. R. Civ. P. 26] is broad, it is far from unlimited. In this regard, the requesting party bears the burden of demonstrating that the requested documentation is relevant. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.

Kopacz v. Delaware River and Bay Authority, No. 03-4858, 2004 U.S. Dist. LEXIS 20880, at *7 (D.N.J. July 23, 2004).  As part of the burden of demonstrating the relevance of requested documentation, the party seeking discovery must be able to identify, with some specificity, the documents being sought, or the information that is contained therein.  See Pacitti v. Macy's, 193 F.3d 766, 778 (3rd Cir. 1999) (finding that the District Court abused discretion in limiting discovery of, *inter alia*, particular communications about contract terms, which were specifically identified by plaintiff); Kopacz, 2004 U.S. Dist. LEXIS 20880, at *7 (allowing discovery of minutes from particular meetings specifically identified by plaintiff and likely to lead to evidence relevant to plaintiff's claim); see also Crowley v. Chait, No. 85-2441, 2004 U.S. Dist. LEXIS 27235, at *31 (D.N.J. Dec. 27, 2004) (finding certain documents relevant, principally because they were the subject of the Judge's discovery orders).

## DISCUSSION

Because Defendants were able to reopen Defendant Thomas's e-mail account, and retrieve and review e-mails dated as far back as October, 2005, the Court, therefore, limits its consideration of Plaintiff's motion to (1) the electronic documents other than e-mails, on Defendant Thomas's computer, and (2) any electronic documents belonging to all other Defendants.

Defendants maintain that in their good-faith effort to recover as much electronic data as possible, they have expended a significant amount of time and resources. (Defs.' Br. 16-19.) Moreover, Defendants allege that after a multi-day review of over 22,000 recovered emails, no relevant information was found.  (See Yi Aff.; Defs.' Br., Ex. W.)  Defendants also assert that they were not aware of the existence of any other relevant documents.  (Defs.' Br. 5-6.) Accordingly, the Court finds that Defendants have acted in good faith, by certifying under oath,

that the documents that were inadvertently destroyed, bore no relation at all to the pending litigation. However, despite Defendants' good-faith efforts to recover any lost electronic data, the Court will analyze whether spoliation of evidence is present in this case, and, if so, whether imposition of sanctions for spoliation are appropriate.

In her Document Request, Plaintiff sought "any electronic data or data base compilation, or written, printed, typed or recorded matter of any kind." (Pl.'s Br., Ex. 10, at 2-3.) However, in her request, Plaintiff did not identify, with any particularity, what information was, or may have been, contained in the electronic data. Plaintiff also did not demonstrate how the requested information would impact her claims. Rather than identifying specific examples of pertinent communications that have allegedly been deleted, Plaintiff points to only a small number of e-mails recovered from Defendant Thomas's e-mail account as evidence of other "possible" relevant e-mails that Plaintiff maintains are lost. (Pl.'s Br. 22.) Plaintiff merely asserts that the electronic information "might" have uncovered something relevant.

Analyzing the four requirements under Kopacz that are necessary for the imposition of sanctions for spoliation, the Court finds imposition of such sanctions inappropriate. Plaintiff has not met the required threshold of showing the relevancy of any specific evidence that she alleges to have been destroyed or otherwise made unavailable by Defendants. See Kopacz, 2004 U.S. Dist. LEXIS 20880, at *7. Without specificity, the Court is unable to weigh the relevancy of any evidence that may, or may not, have existed. Therefore, Plaintiff's Motion for Sanctions for Spoliation is denied.

## CONCLUSION

Therefore, for the above reasons, and for good cause shown,

IT IS on this 9th day of September 2008,

ORDERED that Plaintiff Elizabeth Wong's Motion for Sanctions for Spoliation [97] is DENIED.

                                                        s/ Anne E. Thompson
                                            ANNE E. THOMPSON, U.S.D.J.